**TATE**

v.

**AMERICAN TRADING & PRODUCTION CORP.**

**No. 65 Ad. 1031.**

United States District Court
S. D. New York.

Nov. 24, 1965.

Abraham E. Freedman, New York City, for libellant.

C. John Dirosse, New York City, for respondent.

COOPER, District Judge.

This is a motion for an order dismissing the libel for failure to appear for a deposition or in the alternative for an order setting priority of discovery.

The facts are not in dispute. On October 15, 1965 the instant libel was filed. Attached thereto were written interrogatories pursuant to Rule 31, Rules of Practice in Admiralty and Maritime Cases. Service was accomplished on October 18, 1965. Thereafter, libelant's proctor received a notice of appearance and a notice of taking deposition for October 27, 1965 at 2:30 p. m. When libelant failed to appear, a telephone call to his proctor's office revealed that he "was at sea." (Affidavit of C. John Dirosse, Esq., sworn to October 29, 1965). However, Tate's proctor indicates that since he had not received answers to libelant's interrogatories by October 27, 1965, he did not produce libelant for the deposition as noted. (Affidavit of Stanley B. Gruber, Esq., sworn to November 1, 1965)

 Libelant can properly attach Rule 31 interrogatories to his libel without prior court application. As the notes of the Advisory Committee make clear, "the reason for this committee's decision to take no action at this time to conform Rule 31 to its civil counterpart [Rule 33, F.R.Civ.P.] is that * * * it has been traditional admiralty practice to attach interrogatories to the libel * * *." (Preliminary Draft of Proposed Amendments, December 1960, pp. 21–23.) But the decision not to engraft upon Rule 31 a ten or twenty day provision restricting plaintiff's immediate discovery as found in Rule 33, F.R.Civ.P. or Admiralty Rule 30A(a) respectively, did not obviate the grant of a fifteen day period within which answers to the written interrogatories are to be served. Thus, as movant indicates, his answers would have been due on November 3, 1965 and not on October 27, 1965.

 The Court is not impressed by a sufficient showing of willfulness on the part of libelant in failing to comply with the notice of deposition to such an extent as to warrant an order of dismissal.

 As to movant's alternate plea of relief for an order setting priority of discovery, there appears no reason why the parties should not be placed in *status quo ante.*

Accordingly, libelant is directed to comply with movant's notice of deposition within twenty (20) days unless counsel otherwise stipulate. The movant shall serve answers to libelant's written interrogatories within seven (7) days subsequent to the date libelant submits to the noticed deposition before trial.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.